PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEISHAUN SIMS, | ) | |
| | ) | CASE NO. 4:26-CV-00153 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CORPORATE COMPLIANCE, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 2] |

## I. INTRODUCTION

*Pro se* Plaintiff Keishaun Sims filed a federal complaint against Defendant "Corporate Compliance St. Elizabeth Hospital of Youngstown." ECF No. 1. He also submitted an application to Proceed *In Forma Pauperis*. ECF No. 2. Although Plaintiff is granted *pauper* status, his complaint fails to meet the minimum requirements of Fed. R. Civ. P. 8(a)(2). As a result, this case is dismissed under 28 U.S.C. § 1915(e).

## II. BACKGROUND

In a one-page pleading, Plaintiff claims he was arrested by officers from the Mahoning County Sheriff's Department and taken to Mercy Health St. Elizabeth Youngstown Hospital without explanation or justification. ECF No. 1 at PageID #: 2. He says hospital staff attempted to obtain vital signs, urine samples, and blood samples for three days against his will. ECF No. 1 at PageID #: 2. On the third day, he alleges an unidentified "they" created a "hostile situation" at the hospital that required him to "deescalate[ ] the situation." ECF No. 1 at PageID #: 2. Afterward, he says he was detained in the hospital's psychiatric unit for a month

()

and forcibly medicated under a "fake court order and forced med[ical] order." ECF No. 1 at PageID #: 2.  Eventually, he was released to another facility and discharged shortly thereafter. ECF No. 1 at PageID #: 2

### III.  LAW

A civil complaint in federal court must contain a short and plain statement showing that the plaintiff is entitled to relief.  *See* Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  Although *pro se* pleadings are liberally construed, *see Thomas v. Piggett*, No. 25-1443, 2026 WL 548394, at *1 (6th Cir. Feb. 24, 2026) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), a complaint filed *in forma pauperis* must be dismissed under 28 U.S.C. § 1915(e) if it (a) fails to state a claim or (b) lacks any arguable basis in law or fact.  *See In re Lansing Cmty. Coll. Data Breach Litig.*, No. 25-1130, 2026 WL 612681, at *1 (6th Cir. Mar. 2, 2026) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)).  A claim lacks an arguable basis in law or fact when it turns on a meritless legal theory or makes baseless factual contentions.  *See id.* Similarly, it fails to state a claim on which relief may be granted when it lacks any plausibility. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

### IV.  DISCUSSION

Plaintiff's complaint does not meet the minimum requirements of Rule 8(a)(2) and 28 U.S.C. § 1915(e).  First, he does not name any proper defendants.  "Corporate Compliance St. Elizabeth Hospital of Youngstown" is not a juridical entity that can sue or be sued.  *See Pena v. Ohio Dep't of Mental Health*, No. 3:18 CV 2369, 2018 WL 11462332, at *3 (N.D. Ohio Oct. 31, 2018) (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)).  Even if the Court construed the complaint as asserted against the hospital itself, Plaintiff identifies no identifiable cause of action for legal relief.  ECF No. 1 at PageID #: 2.  District courts and civil defendants

2

()

are not required to comb through threadbare *pro se* pleadings to manufacture plausible claims. *See Primm v. Dep't of Hum. Servs.*, No. 16-6837, 2017 WL 10646487, at \*3 (6th Cir. Aug. 17, 2017).  Without more, Plaintiff's pleading fails to meet Rule 8(a)(2)'s reasonable threshold. *See Iqbal*, 556 U.S. at 678.

## V. CONCLUSION

Plaintiff's application to Proceed *In Forma Pauperis* (ECF No. 2) is granted.  The case is dismissed under 28 U.S.C. § 1915(e).  The Court certifies an appeal from this decision could not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).  A separate entry of judgment shall issue.

IT IS SO ORDERED.

July 30, 2026
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge

3